convenience and delay, and as his counsel in the judgment may object to the motion, the court will set aside the sale and order another execution to the present marshal. If any doubt could arise in the case, and it were possible to avoid this result, the court would not decide the motion until a personal notice had been served on the defendant, unless he appeared by counsel.

---

OVERTON (UNITED STATES v.). See Case No. 15,979.

---

## Case No. 10,627.

### In re OWEN.

[The case reported under above title in 8 N. B. R. 6, is the same as Case No. 9,968.]

---

## Case No. 10,628.

### OWEN et al. v. BLANCHARD.

[2 Cranch, C. C. 418.] [1]

Circuit Court, District of Columbia. Oct. Term, 1823.

DECEASE OF ADMINISTRATOR PENDENTE LITE.

If a suit is brought originally against an administrator, and he die pendente lite, the administrator de bonis non may be compelled to appear to defend the suit.

This suit had been originally brought by the plaintiffs [Owen & Longstreth] against William Blanchard, administrator of William Cocking. Blanchard died pendente lite, and Charles Glover, the administrator de bonis non, was summoned to defend the suit, but failed to appear; and Mr. Key, for the plaintiffs, moved for an attachment against Glover to compel his appearance.

Mr. Jones, as amicus curiæ, suggested that Glover was not bound to appear. The suit abates by the death of Blanchard, Act Md. 1785, c. 80, not having provided for the case of the death of an administrator who was the original defendant, and who had not come in pendente lite. There is no privity or connection between Blanchard and Glover. If an administrator acknowledge a debt so as to take it out of the statute of limitations, the administrator de bonis non is not bound by it. And in regard to costs, the administrator was liable, personally, for the costs, in his time; but if the administrator de bonis non comes in, he will be made liable, not only for the costs incurred in his own time, but for those of his predecessor.

Mr. Key stated that the practice of the courts of Maryland always has been to compel the administrator de bonis non to appear, in such a case.

THE COURT (nem. con.) ordered the attachment.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

OWEN (FARMERS' BANK OF VIRGINIA v.). See Case No. 4,662.

---

## Case No. 10,629.

### OWEN et al. v. GLOVER.

[2 Cranch, C. C. 522.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

JUDGMENT ON PRISON-BOUNDS BOND — ARREST IN ORIGINAL SUIT.

If a debtor be taken on a ca. sa. in the District of Columbia, and give a prison-bounds bond, upon which also judgment is rendered against him, he may be retaken on the original ca. sa. after the expiration of a year from the date of the bond, and committed to close custody in execution.

Mr. Jones, for the defendant, moved the court to quash the ca. sa. upon which the defendant was committed in execution. The original judgment was rendered in June, 1818. [Case unreported.] On the 20th of May, 1820, the defendant having been taken upon the ca. sa. issued upon that judgment, gave a prison-bounds bond. On the 6th of July, 1820, he broke the bounds, and the plaintiffs [Owen & Longstreth] brought suit on the bond against him and his surety, in which suit judgment was, at the last term, rendered against him, but the suit is still pending against his surety. The year from the date of the prison-bounds bond having expired, the marshal, in obedience to the act of congress of the 24th of June, 1812 (2 Stat. 755,) recommitted him to close jail, upon the original ca. sa. [For the marshal's action for his fees, see Case No. 11,845.]

Mr. J. Dunlop, for plaintiff. The original arrest on the ca. sa. and the giving of the prison-bounds bond, are no satisfaction of the judgment. The plaintiff may retake his debtor, although he has recovered part of the debt in an action against the sheriff for an escape. They are concurrent remedies. Esp. N. P. 611; Blumfield's Case, 5 Coke, 86. The plaintiff may have a fi. fa. against his debtor, and may proceed against the sheriff for an escape at the same time. Jackson v. Bartlett, 8 Johns. 281. So, in Maryland, the plaintiff may proceed upon the original judgment, or upon the supersedeas.

Mr. Jones, contra. The plaintiff can, in no case, have more than one execution at the same time upon the same judgment. In Maryland the plaintiff cannot have execution at the same time against the original debtor on the original judgment and on the supersedeas. The case in 8 Johnson, depends upon the statute of New York, which gives a fi. fa. after escape upon a ca. sa. After a prison-bounds bond given upon a ca. sa. there is no remedy under the act of congress, but a suit upon the bond.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the marshal had the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

right to take the debtor under the original ca. sa. and that he cannot now be permitted to have the benefit of the prison bounds, the year having expired.

[NOTE. The defendant was discharged under Act March 3, 1803 (2 Stat. 237), "for the relief of insolvent debtors." The plaintiffs then issued writs of fi. fa. and took in execution lands formerly belonging to defendant, but conveyed to divers persons. Motion to quash there was overruled. Case No. 10,630. Affirmed by supreme court. 5 Pet. (30 U. S.) 358.]

## Case No. 10,630.

### OWEN et al. v. GLOVER.

[2 Cranch, C. C. 578.] [1]

Circuit Court, District of Columbia. May Term, 1825.[2]

DISCHARGE UNDER INSOLVENT ACT—EFFECT UPON JUDGMENT—LIEN.

A discharge from commitment upon a ca. sa. under the insolvent act of the District of Columbia [2 Stat. 237] is no discharge of the debt; but the plaintiff may resort to the lien of his judgment upon the lands of his debtor, although sold and conveyed away by him while the plaintiff was pursuing his remedy against the person of his debtor, and although the plaintiff had obtained judgment against him and his sureties upon his prison-bounds bond.

The plaintiffs [Owen & Longstreth] recovered two judgments against the defendant [Charles Glover] at June term, 1818, for about $1,600, issued writs of ca. sa., upon which the defendant was taken and committed in execution, and gave prison-bounds bonds, which he forfeited, and upon which the plaintiffs recovered judgment against him and his sureties. After the expiration of one year from the date of the prison-bounds bonds, he was retaken upon the original writs of ca. sa. according to the provisions of Act Cong. June 24, 1812, § 3 (2 Stat. 755), and committed to close custody [see Case No. 10,629], from which he was discharged under Act March 3, 1803 (2 Stat. 237), "for the relief of insolvent debtors within the District of Columbia." The plaintiffs then issued writs of fi. fa., and took in execution the lands of Mr. Glover, which were bound by the judgments in 1818, although Mr. Glover in the meantime had sold and conveyed them to divers persons. These writs of fi. fa. were returnable to this term, and now

Mr. Fleet Smith, Mr. Lear, and Mr. Jones, for the tenants and purchasers, moved the court to quash the writs: 1. Because they were issued more than a year after the return of the writs of ca. sa., without a scire facias. 2. Because Mr. Glover could not be recommitted upon the ca. sa. after its return. 3. Because, by the 5th section of the insolvent act, it is enacted that "no process against the real or personal property of the

debtor shall have any effect or operation, except process of execution, or attachments in the nature of executions, which shall have been put in the hands of the marshal, antecedent to the application" of the debtor for the benefit of the act.

Mr. J. Dunlop, contra. The judgments bound this land. Mr. Glover sold it and conveyed away all his interest in it before his application for a discharge under the insolvent act, so that it was not his property when he took the insolvent's oath; and never could come into the hands of his trustee as part of his effects. The lien of the judgments is wholly unaffected by his discharge under the act.

Mr. Jones, in reply. The plaintiffs have elected to take a ca. sa., and having taken the body, have abandoned their lien on the lands. The commitment on the ca. sa. is satisfaction in law, and the only saving of the debt to the plaintiff is under the insolvent act; and then only sub modo. The remedy is pointed out by that act. If it be a lien it can be enforced only in the manner provided for in the fifth section. It does not give a general right to proceed by fi. fa. after the insolvency. This fi. fa. is against the goods, chattels, and lands of Glover; that is, against the goods, chattels, and lands of Glover, after his insolvency, which these lands are not.

THE COURT (THRUSTON, Circuit Judge, absent) refused to quash the executions, being of opinion that the judgments bound the lands, and have never been satisfied. The lands, having been sold by Mr. Glover, never could come to the hands of his trustee, so as to be liable to distribution under the insolvent act. See Tayloe v. Thompson's Lessee, 5 Pet. [30 U. S.] 358, where this decision is affirmed.

OWEN (MONTEJO v.). See Case No. 9,722.

## Case No. 10,631.

### OWEN v. NEW YORK LIFE INS. CO.

[1 Hughes, 322.] [1]

Circuit Court, E. D. Virginia. May, 1877.

JURISDICTION — CITIZENSHIP OF FOREIGN CORPORATION COMPLYING WITH STATE LAWS — LIFE INSURANCE — FORFEITURE DURING WAR — EQUITABLE VALUE OF POLICY.

1. The law of Virginia, contained in sections 19 to 36 of chapter 37 of the Code of 1873, does not affect the right of a foreign insurance company which complies with its terms, to move for a removal of a cause in which it is a party, from the state to the United States circuit court, under section 639 of Revised Statutes of the United States and its amendments.

2. Where, under the decision of the United States supreme court, in New York Life Ins. Co. v. Statham, 93 U. S. 240, a declaration framed before this decision is held to be demurrable,